**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 03:49 PM June 25, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RAYMOND J. HAUN AND | ) | CASE NO. 20-60554 |
| BARBARA L. HAUN, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

    Debtors filed a joint chapter 7 case on March 23, 2020. Sadly, Mr. Haun passed away days after the filing. Now before the court is a motion to exempt him from the financial management course requirement. No responses were filed.

    The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a joint chapter 7 petition on March 23, 2020. Mr. Haun died on April 2, 2020. Mrs. Haun appeared at the 341 meeting on April 28, 2020 on behalf of herself and her deceased husband. No personal representative was appointed for Mr. Haun.

## DISCUSSION

This issue involves two obligations placed on debtors by the Bankruptcy Code. The first, found in 11 U.S.C. § 343, requires a debtor to "appear and submit to an examination under oath at the meeting of creditors under section 341(a) of this title." The second requires a debtor to "complete an instructional course concerning personal financial management" as a condition of discharge. 11 U.S.C. § 727(a)(11). Mr. Haun is unable to fulfill either requirement, leaving the court to determine whether he receive a discharge.

Although the Bankruptcy Code does not discuss the impact of the death of a debtor while a case is pending, Bankruptcy Rule 1016 does. In applicable part:

> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

Debtors argue this provides a clear path for Mr. Haun's discharge. His wife, the joint debtor, who has knowledge of his financial affairs, testified at the 341 meeting on his behalf, fulfilling the 341 requirement. And per 11 U.S.C. § 109(h), Mr. Haun is entitled to a waiver of the financial management course requirement for incapacity or disability, supported by the fact that the purpose of the course is defeated because he is deceased.

The court agrees that a chapter 7 case may proceed "so far as possible" in the face of a debtor's death. However, a debtor must still meet the obligations set forth in the Bankruptcy Code, including attendance at the 341 meeting. Courts do permit third party appearances but generally require that person to have legal authority for the decedent. In re Marks, 595 B.R. 881, 882 (Bankr. E.D. Mich. 2019) (opining "without a personal representative duly appointed by the probate court under the laws of the State of Michigan to act on behalf of the deceased Debtor in this bankruptcy case, further administrative of the bankruptcy estate is not possible."); In re Seitz, 430 B.R. 716 (Bankr. N.D. Tex. 2010) (permitting appearance by wife who was executrix and authorized as personal representative by a state court); In re Oliver, 279 B.R. 69 (Bankr. W.D.N.Y. 2002) (allowing debtor's brother, who had been issued letters of administration by a state court, to appear); In re Hamilton, 274 B.R. 266 (Bankr. W.D. Tex. 2001) (stating "when a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as official representative of the probate estate of the debtor"); In re Lucio, 251 B.R. 705 (Bankr. W.D. Tex. 2000) (denying appearance by power of attorney because authority expired at death but allowing a personal representative of debtor's estate to appear).

Mrs. Haun did not have legal authority to appear on Mr. Haun's behalf.

The importance of the 341 cannot be minimized. "The purpose of the 341 meeting 'is to enable creditors and the trustee to determine if assets have improperly been disposed of or concealed or if there are grounds for objection to discharge.'" In re Cunningham, 1988 WL 148642 (D. S.D. 1988) (citing S.Rep. No. 989, 95th Cong., 2d Sess. 43 (1978)). It is a valuable discovery tool for creditors and trustees.

> The law permits liberal questioning of the debtor so long as it relates to the debtor's financial affairs, the debtor's discharge, or the estate's administration.[3] Thus, the 341 meeting allows the creditors to engage in free discovery of the debtor on issues such as the debtor's discharge and the dischargeability of debts owed to creditors.[4] It also allows the trustee to inquire about any possible recoveries under the avoiding powers. The attendance of the debtor at the 341 meeting obviously plays a crucial role in the abilities of creditors and the trustee to gather information about the debtor's finances and act accordingly.

In re Vilt, 56 B.R. 723, 724-25 (Bankr. N.D. Ill. 1986) (footnotes omitted). The Vilt court ultimately excused an incarcerated debtor from attendance, noting he could be examined by written interrogatories or at the prison. It also excused another debtor, who was in poor health, from attendance. The notable difference was that, while his wife had appeared for the 341 meeting, the debtor was available to be examined if a creditor or trustee desired. Hamilton, 274 B.R. 276, 267-68. Mr. Haun is not similarly available.

The availability of the debtor is present in the majority of cases cited by Debtors. In Sullivan, the debtor was a monk cloistered in Holland who had given his brother authority under a power of attorney to appear on his behalf. 30 B.R. 781 (Bankr. E.D. Pa. 1983). The co-debtor in Stewart was seriously ill. 14 B.R. 959 (Bankr. N.D. Ohio 1981). The court waived her appearance on the basis of her illness, her husband had incurred all the debt to be discharged, and she did not work outside the home. Id. In Edwards, Debtor-husband, who was serving in the military in the Phillippines, was excused after the court found all assets were jointly owned, the Debtor-wife had possession of all assets, and stated their testimony would be consistent. In re Edwards, 2 B.R. 103 (Bankr. S.D. Fla. 1979). In all of these cases, the excused debtor could be examined if the need arose.

The only case cited involving a deceased debtor is factually on point because the death occurred before the 341 meeting. In re Oliver, 279 B.R. 69 (Bankr. W.D.N.Y. 2002). The similarity ends there because the debtor's brother had been issued letters of administration and intended to appear for the debtor. The court denied the United States Trustee's motion to dismiss the case absent a finding that debtor's brother was an "inadequate substitute" or proof that effective administration was not possible. Id. at 71.

3

A legal representative has authority that Debtor's wife does not. Although she may have pertinent facts of his financial affairs, she is not the debtor and cannot speak for debtor. "The personal representative is authorized to officially speak on behalf of the estate, and to make legally binding statements on behalf of the estate, both orally and in writing (in the form of schedules and statements of affairs)." Hamilton, 274 B.R. 266, 268. A duly appointed representative of a decedent's estate can also sue and be sued. Marks, 595 B.R. 881, 882. These are compelling reasons to require a person with legal authority to appear on behalf of a deceased debtor. Since this did not occur, the court finds that Mr. Haun failed to fulfill his obligations under the Bankruptcy Code.

## **CONCLUSION**

The Bankruptcy Code requires a debtor to appear for a 341 meeting of creditors. Mr. Haun died prior to the 341 meeting and was therefore unable to attend. No personal representative entered an appearance on his behalf. Although Bankruptcy Rule 1016 does provide grounds for continuation of a chapter 7 case when a debtor dies, the court finds this is not such a case. The absence of a personal representative prevents effective administration of Mr. Haun's case. Consequently, the court will dismiss his case and deny the motion for an exemption as moot by separate order.

#  #  #

**Service List:**

Debra E. Booher
1350 Portage Trail
Cuyahoga Falls, OH 44223

Anne Piero Silagy, Esq.
1225 South Main Street Suite 1
North Canton, OH 44720

Barbara L. Haun
3035 Union Avenue SE
Minerva, OH 44657